Maupin, J.,
with whom Hardesty, J., agrees,
concurring:
I concur in the result reached by the majority. I write separately to point out an additional error in the admission of evidence concerning Phillips’ 1983 and 1992 convictions, and the State’s arguments thereon.
*603 The prosecution clearly overplayed its hand in its closing remarks to the jury. As noted by Justice Rose, the prosecutor argued that this case involved the “same game, different victim” in referring to the prior convictions. This argument improperly treated the prior misconduct as character evidence, not for the stated other purposes under NRS 48.045(2).[1] Going further, the State’s justification for admission of the prior bad act evidence strains credulity — conduct leading to convictions years before was not part of a common scheme to extort and stalk the victims in this case.
While I agree that the admission of the evidence and the arguments do not compel reversal, I want to stress that there was no excuse for making arguments that endangered an otherwise strong case.

NRS 48.045(2) provides that “[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”